COMMONWEALTH *vs.* CONNECTICUT RIVER RAILROAD COMPANь.

An action of tort before a police court or justice of the peace is the proper form of suing for the penalty of ten dollars, provided by *St.* 1854, *c.* 23, for the refusal of a railroad corporation to check the baggage of a passenger delivered to it for transportation.

After the attorney general has appeared in the court of common pleas and authorized the further prosecution of an action, there pending on appeal, commenced in the name of the Commonwealth in a police court, to recover a penalty, the defendant cannot object that the suit was instituted and prosecuted in the police court without the authority or knowledge of any public prosecutor.

A disinterested counsellor at law, appointed by the court of common pleas for the purpose, may conduct the trial of a suit in behalf of the Commonwealth in that court, although the district attorney remains in court throughout the trial.

A railroad corporation which in fact receives the baggage of a passenger upon a train on which it is not bound to take it, to be transported over a portion of the road for which he has purchased a ticket, is subject, upon refusing to check the baggage, to the penalty provided in *St.* 1854, *c.* 23.

ACTION OF TORT on the *St.* of 1854, *c.* 23, to recover a penalty of ten dollars for the refusal of the defendants to give a check for the baggage of Arthur T. Jones, a passenger transported over their railroad from Springfield to Deerfield. Trial in the court of common pleas in Hampden, before *Mellen*, C. J., to whose rulings the defendants alleged exceptions, which were argued at the last term in Hampden, and the material part of which is stated in the opinion.

*A. L. Soule*, for the defendants.

*J. Wells*, for the Commonwealth.

MERRICK, J.* The defendants object that this action was prosecuted without authority, and should for that reason be dismissed. It was commenced in the police court of the city of Springfield by Mr. Vose, a counsellor at law, without the

---

* DEWEY, J. did not sit in this case.

knowledge or consent of any public prosecutor. But afterwards, upon the appeal of the defendants from the judgment of the police court, it was duly entered in the court of common pleas; and there the attorney general of the Commonwealth authorized its further prosecution. When the case came on for trial, Mr. Gillett, the district attorney, appeared, and upon his motion Mr. Vose was appointed by the court to try the case, and it was subsequently conducted by him. The district attorney remained in court, but took no part in the trial.

There is no express provision of law concerning the manner in which suits in behalf of the Commonwealth shall be commenced in police courts or before justices of the peace. By the Rev. Sts. *c.* 85 § 1, justices of the peace have power to hold courts in their respective counties, with original and exclusive jurisdiction of all civil actions wherein the debt or damages demanded does not exceed the sum of twenty dollars. Similar jurisdiction has been conferred upon police courts, either by general laws, or by particular provisions as they have been from time to time established. Rev. Sts. *c.* 87, §§ 11, 34. By a recent statute the jurisdiction of these tribunals has been extended to include all civil actions in which the debt or damages demanded does not exceed the sum of one hundred dollars. *St.* 1852, *c.* 314, § 1.

The present action, having been brought and prosecuted for the recovery of the sum of ten dollars alleged to have been forfeited by the defendants, is clearly, as to the amount demanded, within the jurisdiction of the police court in the city of Springfield. The statute upon which the suit is founded provides that any railroad corporation which shall refuse to give a check for the baggage of passengers delivered for transportation, when requested to do so, shall forfeit the sum of ten dollars for the offence. *St.* 1854, *c.* 23. But no appropriation is thereby made of the forfeiture, nor any express provision for the mode of recovering it. It may therefore be sued for and recovered in an action of tort in any court proper to try the same. Rev. Sts. *c.* 118, § 42. *St.* 1852, *c.* 312, § 1. By the last cited statute actions of tort are in express terms prescribed as

the mode of proceeding for recovery of penalties; and they therefore take the place of actions of debt and trespass mentioned in the former.

There is therefore no foundation for the objection that the form of the present action is erroneous, or that the court in which it was brought had no jurisdiction. Without expressing any opinion as to the effect which should have been given to the objection that the suit was instituted and prosecuted in the police court without the authority or knowledge of any public prosecutor, if it had been taken there, we think it clear that it cannot be maintained when made in the common pleas, after the attorney general had appeared in it, adopted it, and authorized its further prosecution in the name and on behalf of the Commonwealth. It is expressly made the duty of that officer, and of the several district attorneys, to appear in the supreme judicial court, the court of common pleas, and the municipal court of the city of Boston, in all cases in which the Commonwealth may be a party or be interested; but their attendance is not required before justices of the peace or police courts. Rev. Sts. *c.* 13, § 38. *St.* 1849, *c.* 186. There was therefore, in the present case, an appearance by the proper officer in the only court in which it was pending where any public prosecutor was re quired to be in attendance.

The appointment of Mr. Vose by the court to try the case, and his conduct and management of it after it had been adopted and its further prosecution authorized by the proper public prosecutor, afford no sufficient reason for sustaining the motion of the defendants that the action should be dismissed. Undoubtedly, for good cause shown, it was within the authority of the court, in the exercise of its discretionary power, to allow a disinterested counsellor at law to take the place of the district attorney. What reasons were assigned by Mr. Gillett, on requesting the court to appoint Mr. Vose, are not stated in the bill of exceptions, and we must presume therefore, as nothing is shown to the contrary, that they were such as justified the appointment. Rev. Sts. *c.* 13, § 40. *Commonwealth·* v. *Boston & Maine Railroad,* 3 Cush. 51. The fact that Mr. Gillett remained personally in

court during the trial could not invalidate an appointment which had previously been properly and lawfully made. After such an appointment, it is plain that the further proceedings in the trial ought not to be arrested, or a verdict recovered in it rendered nugatory, by the court, until it is at least suggested, or offered to be shown, that the district attorney abstained without good cause from conducting or sharing in the conduct of the trial.

The defendants further insist that as the train in which the passenger Jones with his baggage was carried was put by them upon their track for a special purpose only, and was not intended for the general transportation of passengers, they were not bound to take into their cars any persons except those who had come to Springfield from Deerfield upon the proposed excursion; and therefore that they were not required to give Jones a check for his baggage in pursuance of his demand. Undoubtedly it is competent for railroad companies, in the discharge of their duties as common carriers, to make all reasonable and suitable regulations concerning the transportation both of persons or property; and if they are employed by one or many persons to perform an extra and particular service, they would not be required upon such an occasion to carry over their road any other persons or property than what they particularly stipulate to transport. *Cheney* v. *Boston & Maine Railroad*, 11 Met. 121. *Commonwealth* v. *Power*, 7 Met. 596. But if they do run an extra train for the transportation of passengers, and with a general purpose to accommodate on that occasion only a particular company or class of people, or section of the community on their route, and prescribe as the terms or condition on which they will render service on that occasion, that they will not receive or carry any baggage or goods of the persons transported, they must certainly adhere to their own rule, if they would claim exemption from the general obligations imposed upon them by the statute. If, contrary to their own established rule or regulation, they do in fact, in and upon an extra or excursion train, receive the baggage of a passenger to be transported over that portion of the road for which he has pur-

chased a ticket, they receive it subject to the requirements of the law and under the responsibility to which upon such a condition of things it subjects them. In the present case it is established by the verdict of the jury, and indeed clearly appears from the undisputed testimony laid before them, that Jones purchased and paid for the right of transportation on the defendants' cars from Springfield to Deerfield; that his baggage was received by their employees from him as a passenger without objection; that he demanded a check for it, and insisted upon his right to have one; and that it was refused for no other reason than the company would not give checks for baggage carried on excursion trains. This refusal was, under the circumstances, wholly without excuse, and subjected the company to the penalty in such cases prescribed by the statute.

None of the other objections taken at the trial were insisted upon or adverted to at the argument, and being thus evidently intended to be waived, they have not been considered by the court in disposing of the questions presented in the bill of exceptions. *Exceptions overruled.*